P. David Twichell, Esq. Informal Opinion Town Attorney No. 96-15 Town of Lysander 499 South Warren Street Syracuse, N Y 13202-2690
Dear Mr. Twichell:
You have asked whether under section 114 of the Agriculture and Markets Law "incorporated dog protective associations" must be not-for-profit corporations rather than business corporations.
Under section 114, each town and city, and each village in which dog licenses are issued, must appoint, and any other village and any county may appoint, one or more dog control officers for the purpose of controlling dogs and for enforcement of Article 7 of the Agriculture and Markets Law. Agriculture and Markets Law § 114(1). Instead of, or in addition to, the appointment of a dog control officer or officers, a municipality may contract for dog control officer services "with any other municipality or with any incorporated humane society or similar incorporated dog protective association . . .". Id., § 114(2).
In a prior opinion of this office, we construed a substantively similar predecessor of section 114 and concluded that a city may not contract with an individual to act as dog warden nor with a business corporationformed by a person. 1965 Op Atty Gen (Inf) 75. The opinion concludes that "[u]nless . . . the contracting party is another municipal corporation or an incorporated society for the prevention of cruelty to animals, or an incorporated dog protection corporation, a municipality may not enter into such an agreement". Thus, the clear implication of this opinion is that an incorporated dog protective association, within the meaning of section 114, is a not-for-profit corporation.
In our view, the 1965 opinion remains valid. (We note that in a September 1, 1995 letter to you from the Office of Counsel of the Department of Agriculture and Markets, the statement is made that dog protective associations are incorporated under the Not-For-Profit Corporation Law.) Under the provisions of the Not-for-Profit Corporation Law, incorporated humane societies and dog protective associations, as corporations for the prevention of cruelty to animals, are classified as type B not-for-profit corporations. Not-For-Profit Corporation Law § 201(b). Every certificate of incorporation of a corporation for prevention of cruelty to animals must have endorsed thereon or annexed thereto the approval of the American Society for the Prevention of Cruelty to Animals or if such approval is withheld 30 days after application therefor, a certified copy of an order of a justice of the supreme court of the judicial district in which the office of the corporation is to be located dispensing with the approval. Id., § 404(g). The number of corporations for the prevention of cruelty to animals that may be formed in each county is regulated by the provisions of the Not-For-Profit Corporation Law. Id., § 1403(a).
Therefore, the provisions of the Not-For-Profit Corporation Law specifically provide for the incorporation of humane societies and dog protection associations in that these entities fall within the language "corporation for prevention of cruelty to animals". Further, the Not-For-Profit Corporation Law regulates these corporations by requiring that they receive the endorsement of a recognized organization in the field. It follows that section 114 of the Agriculture and Markets Law, in authorizing municipalities to contract for dog control officer services with any incorporated humane society or "similar incorporated dog protective association", contemplates a dog protective association formed under the Not-For-Profit Corporation Law.
We conclude that the authorization for municipalities to contract for dog control services with an incorporated dog protective association means an association formed under the Not-For-Profit Corporation Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions